Second case on our call of the docket agenda number two is case number one one zero two three six people versus one 1998 GMC counsel for the appellant Good morning your honors and may it please the court. My name is Eldon Malamuth I'm here today from the Illinois Attorney General's office on behalf of appellant to the people of the state of Illinois This court should reverse the judgment of the DuPage County Circuit Court, which found Facially unconstitutional as violating the due process clauses the United States and Illinois Constitutions the civil forfeiture provisions set forth in 720 ILC s 5 36 dash dash 1 through 4 the circuit court reasons that these provisions do not provide for an interim Probable cause hearing after the seizure of the vehicle and before the forfeiture hearing itself In this court in this court claimants have pressed a similar argument Which is that the statute at issue are unconstitutional? Because they do not ensure that the forfeiture hearing itself will occur in a sufficiently quick manner The common thread of the argument of the argument is that the provisions do not ensure that all vehicle owners Will receive a meaningful hearing and a meaningful time But neither of these positions can be can meet the exceedingly high burden that a facial challenge Faces a facial challenge Must show that no set of circumstances exists under which the act should be applied in a valid manner And 50 pages of briefing in this court and 30 pages of opinions in the circuit court. There's been no such demonstration And the facial inquiry that should be the beginning and the end of the facial inquiry and the statutory provisions should be upheld on that basis Further neither position can be reconciled with the multiple United States Supreme Court cases Which make clear that it is the forfeiture hearing itself which provides all the process that is due After the seizure of personal property and making clear that the statutory provisions at issue here easily pass muster under the appropriate analysis Mr. Melnick if we agree with your position wouldn't we be in conflict though with the crimstock case? Your honor the crimstock case did appear to position its holding to require that Or to condition its holding on the fact that the New York statute at issue here required the state of New York to prove culpability on the part of the Vehicle owner so there could be a way in which the cases in which the holdings would be viewed narrowly and would not conflict However, it is true that the the reasoning of crimstock does appear to differ with the reasoning that we Put forward in our in our briefs. We would we would be in conflict with An issue that was decided on federal constitutional law, right? Yeah, it does appear that there might be conflict with respect to crimstock in the with respect to federal constitutional law Of course the Since this case this type of case is is not specifically being addressed by the Supreme Court We could anticipate that they would look at this case if we went If we reversed Your honor that might be right. Indeed. The United States Supreme Court did look at a somewhat similar case regarding the Illinois drug asset forfeiture procedures act that the that case Turned out to be moved by the time it reached the United States Supreme Court, so they did not address the issue at hand Of course the Seventh Circuit in Smith vs. City, Chicago did adopt the views or they had the same views as in crimtock Your honor that that is right the of course the Seventh Circuit's that opinion was vacated by the US Supreme Court because the matter became moot but Before that was the case settled Well, the case is still I believe your honor ongoing. It's been remanded to the district courts the original in that case the original property owners had either all the cases had been settled or they had Stopped pursuing their claims and there had been no class action And so the claims that there was no live case before the US Supreme Court and the case was returned I believe that our new plaintiffs being put forward in that case, but I'm not counsel in that case And you would agree with what is not at issue here is the fact that our state? Procedural due process analysis is in lockstep, right? That's right your honor these the state proceed the state due process clause this court has interpreted that clause in lockstep There's one exception. It's not has to do with Interrogation it's not not relevant here, and there's no reason to depart from a lockstep analysis now your honor though I would Somewhat disagree with the Statement that the US Supreme Court has never faced the issue at hand the issue at hand is whether the in the post seizure context Delay becomes Sufficient that the dispossessed property owner has been deprived of a meaningful hearing at a meaningful time in fact That is the exact issue that the United States Supreme Court faced in the 8850 case In 8850 the allegate the claim was that there was an 18 month delay Following the seizure of cash until the filing of a forfeiture complaint The kit the the court summarized issue as follows When when a post-seizure delay may become so prolonged that the dispossessed property owner has been deprived of a meaningful hearing at a meaningful time In other words the exact issue before this court In that case in that case the court upheld an 18 month post-seizure delay in doing so it applied The four-factor test originally set forward in the Barker versus Wingo Speedy trial context and those four factors are the length of the delay the reasons for the delay Whether the claimant or the defendant vigorously asserted his or her right and whether there was a prejudice with respect to litigation position by the claimant or the defendant and the court explained that the situation in the civil forfeiture context isn't at the post-seizure civil forfeiture context is analogous to the speedy trial context because the Both parties have been no longer attained complete Liberty defendant who is even if any who post bail is subject to conditions of the bail agreement and of course a Property owner does not have at least temporarily possession of the property and the concern the concern is undue delay Not only did the the Supreme Court of the United States Not only address this issue in that court a few years later address this issue in von Neumann in that case The issue was remission procedures like in Illinois the federal statutes at issue there allowed for property owners to make an informal request to the government for the return of Property and this is outside the the judicial proceedings And the claimant in that case argued that these remission proceedings had not occurred in a sufficiently quick manner the United States Supreme Court rejected that argument and In doing so that it had made two important holdings first it held that Quote implicit in this court's discussion of timelines in 8850 was the view that the forfeiture proceeding without more Provides the post-seizure hearing were quite required by due process in other words The court may clear that once property is seized there is process that is due to to the property owner That process is provided by the forfeiture hearing itself And and and because the due process because the remission proceedings were not quote-unquote necessary For the that process to be provided then the speed of them could not provide a basis for a due process violation So you're asking us mr. Malmuth and to say crimstock is wrongly decided and this case is resolved by Newman in 88 I know that's exactly that's exactly what we're asking and that's exactly the position that was taken by the appellate court of the state and the Ford Explorer case and the The those two cases have decided the issue and those two cases have made three Three elements of the analysis very clear first the Process provide the due process due to a property owner following the seizure is provided by the forfeiture hearing Second whether that do in analyzing whether that delay causes a due process violation We look to the Barker versus Wingo test and third in various context Considerable delay will not cause will not be the basis for a due process violation Indeed there were 18 month Delay was upheld in In the 8850 case and and the in 8050 the court specifically stated that the specific facts of each case must be looked to and that is why it's particularly inappropriate to make a Facial to a ruling that this case is that this statute is unconstitutional on its face The United States Supreme Court as well as this court had both courts have consistently Stated that facial challenge of facial challenges, excuse me face incredibly high burden For instance in the Washington State Grange case the US Supreme Court Recently refused to invalidate Washington's blanket primary system Because it quote could conceivably be implemented in a constitutional manner and this was quote-unquote fatal to the facial challenge similarly in the Salerno case the US Supreme Court Upheld the bail Reform Act because quote the fact that it might operate unconstitutionally under some conceivable set of circumstances Is insufficient to render it wholly invalid? But the Circuit Court and claimants here seek to turn the issue of facial challenge on its head instead of trying to demonstrate that this Statute in all cases leads to unconstitutional results instead Claimants and the Circuit Court Wished to argue that because in some conceivable set of circumstances There might be a due process violation then the whole statute should be facially invalid in fact the Circuit Court noted that When speaking to the DuPage County State's attorney noted quote I certainly would be the last one to fought you or your office and generally acting forthwith Lee My experience in handling these matters for some time is that you tend to do this fair you tend to this fairly promptly So the Circuit Court was not even finding that there were violation due process violations in the DuPage County rather the Circuit Court Held that because under the statute there could conceivably be some sort of due process violation that then In some county in one of the hundred and two counties in Illinois to some particular vehicle owner that the statute in its entirety Must be struck down that is not the way facial challenges work Now turning towards the appropriate test the Claimants in this case in the Circuit Court sought to apply the test Put forward in the Matthew the Matthew versus Eldridge test and they pointed to the good The good real property case in the United States Supreme Court, but notably that case did not apply Matthews to the issue of post-seizure delay what? Matthews Matt there was two issues in Matthews one was whether for real property Property owner is entitled to a hearing before the seizure and the second issue was whether a delay in filing the Filing the civil forfeiture complaint should lead to dismissal of the case Now Matthews apply good applied Matthews to the issue of pre-seizure delay Attests that it was an inquiry that it's it's well suited for but notably When the issue of post-seizure delay came up it did not apply Matthews It simply looked at the statutes and it found that because there was no Nothing in the statute which required dismissal Even though the statutory timing provisions were not complied with in that case because the statute did not call for any result any Dismissal that dismissal was inappropriate. So even in a case which found a due process violation with respect to the seizure The forfeiture proceedings themselves were not dismissed and Matthews was not applied to the issue of post-seizure delay Now Good also points out that even if the circuit court had been right in this case and that there was a problem with respect to And the statute because it's not provide for a probable cause hearing The appropriate remedy would not be would not have been dismissal of the forfeiture proceedings We can look at that from good and crim stock both cases which found Due process violations with respect to the seizure neither called for dismissal of the civil forfeiture proceedings instead they provided for hearings probable cause hearings and Can I ask you how that happens? I mean the the Congress the legislature has passed The structure of architecture of the statute the courts say these statutes do not meet Constitutional muster how then does the court fashion a new remedy? Well, your honor it is it is not a matter of the necessarily the court fashioning a remedy the court can find a due process violation the question is what happens then now it may be so that the Courts or the legislature can then create a system where the courts can create a system Which provides such a hearing and it may be so that the let these violations will lead to civil damages which can be proven in a section 1983 and less of concern about what the remedy would be and more about the authority of the court to Rewrite the statute well, you say there has been no hearing and therefore the the Statutes infirmed and so therefore this is the kind of hearing there should be how does the court do that? Your honor. We're not asking the court to rewrite the statute, but it would be the case that eventually the legislature if Aware of once aware of the due process violation. We would rewrite the statute in the meantime when the claimants would break the claimants should bring a section 1983 or a Claim for injunctive relief something like that in which case the courts could again provide civil damages or could provide some sort of Hearing before the court. I'm indeed that there are numerous ways in which the Claimant can get the issue before the court which we outlined in our brief and the the Claimants in this case did not Did not pursue any of those So it would not be a matter of rewriting the statute would be a matter of which would relief would be appropriate to those particular claimants in those contexts Your honors, I don't know if it would be useful to run through the Barker test the Matthews test all the tests that we discussed in our in our in our briefs Unless the court asks we we won't do so I would just simply point out a couple places where we differ from how those tests will be applied and the Barker test there's a prejudice component and the claimants seek to have the dispossession of their property count as those As that prejudice, but the cases are quite clear that prejudice means prejudice with respect to litigation position and The claimants have not even argued that they are prejudiced in that way Similarly we would point out the issue of innocent ownership This the circuit court and claimants make a big deal of the quote-unquote innocent owners But that would not be an appropriate matter for prop an interim hearing and indeed. There's no specific rights There's no rights to a prompt To a prompt resolution of that issue The Supreme Court of the u.s. Is long made clear that property may be forfeited without any showing of culpability On the part of the property owner the circuit court in this case sought to interpret The provision of section 36 to allowing the state's attorney to remit the forfeitures to remit a vehicle If he finds if he or she finds that there's no Culpability or other mitigating circumstances the circuit court interpret that provision to mean that there was some sort of affirmative duty on the part of the state To show that that is simply not consistent with rules of statutory construction such as the we must stick to the plain language of the statute and read the statute of the whole as A whole here the statute clearly places the burden on the innocent owner That's 36-2 a and so that would not be the the issue of innocent ownership would not be relevant at a probable cause hearing And so it is wholly irrelevant to the application under either test of the due process inquiry Counselor back to the Matthews Barker test as I understand your arguments you you think we should use the Barker test because you think the issue here is timeliness and Barker is best suited to measure timeliness and Matthews deals with whether or not the process itself is sufficient my question is within the Matthews analysis of the process being sufficient is timeliness not a component of Assessing whether or not the process is sufficient well your honor we first of all we believe that the The court should apply Barker for two reasons one is because the United States Supreme Court has said that's the right test and second Because it makes sense because the issue is delay now with respect to Matthews It's certainly that there can be a general timing element in the sense that the Hearing has to be let's say before the termination of benefits That was the Matthews case before the seizure But it's not that timing is that the issue of when or time is wholly irrelevant But Matthews is not suited and does not look to the issue of delay The question of whether to apply the Batman the Barker test or the Matthews test is not a question of a hard test or an Easy test. It's a question of which test is more narrowly tailored and indeed anything pretty much from one of the tests can be shoehorned into one of the The factors of the other but the Barker test sets out specific factors which Address the issue of delay and so it is more specifically tailored to the question at hand If there are no other questions It's a procedural question I'm confused as to how the allegations of unconstitutionality can be affirmative matters Under two six one nine a for the purposes of a motion to dismiss Wouldn't the proper procedure or vehicle be to raise the constitutional challenge? Would be section two six one five motion Well, your honor first, I think that'd be a more appropriate question for the appellee But in this case, we we certainly agree that they do not constitute affirm that the charges the alley the claims of Unconstitutionality do not constitute affirmative matter that negate the cause of action. Could there be a concern to this court? well, your honor the it certainly should be of concern that the Affirmative matter but the alleged affirmative matter here indeed does not meet the requirements of that of what if affirmative matter should be And that it does not negate the cause of action and that the circuit court proceeded under a 16 619 a 9 Even though there as your honor states, there was no affirmative act matter which negated the cause of action Your time is expired. Yeah, no other questions Thank you Counsel for the appellee Good morning, mr. Chief Justice and may it please the court. My name is Donald Ramsell. I represent the claimant claimants in this case The honors procedural due process protections should not be left to chance The Attorney General confuses the fact that on an individual Level once a structure is in place that guarantees across the board procedural due process puts deadlines burdens Types of hearings in play once we've gotten past the facial analysis then on an individual level Issues under Barker versus Wingo may come into play We're not at that stage yet We're at the stage where the claimants have asked the courts to look at the act itself and See if there is sufficient protections in place on the face of this act to provide a minimal level of procedural protection we don't decide That because one person in one county in one courtroom Received a hearing on the 15th day of a seizure that suddenly it's acceptable across the board because in in this situation we have literally a wide open set of procedures with at least five to six Defects as we take that position first off the vehicle is seized Once that vehicle is seized The statute suggests that the delivery of the vehicle by the seizing police agency should be to the sheriff Forthwith that's our deadline. What is forthwith? There is no timeline for that purpose whether forthwith in Eupage County means 15 days and whether in Cook County it means 180 days One will ever know. In fact the Attorney General would suggest perhaps up to 18 months is forthwith they argue an 18 month delay on a forfeiture proceeding in any respect is Satisfactorily we disagree with that. Are you familiar with people versus Fisher? I Suspension Suspension scheme and drivers were deprived of their rights to operate a motor vehicle for up to 14 days Does that holding have any bearing in this situation No, I don't believe so Because again, although I'm very familiar with summary suspension law Even under Esposito orth and several other procedural due process challenges that have been brought before the Supreme Court here the the courts adopted Matthews versus Eldridge in each analysis and frankly counted that in a summary suspension hearing the Defendant if he's aggressive in making his claim will get a hearing no later than three days post deprivation Because the suspension won't start till the 46th day and under old rule 504 at least where the maximum would have been 49 days The most aggressive Person would at least suffer no ill beyond 72 hours I understand under Fisher that Perhaps the length of the hearing itself could be extended. I think That might be on an individual level as to how long it could take so I think that's a very different set of circumstances And under Fisher There's no allegation that there's a third party who is an innocent owner or spousal exemption or exception that Also has been given some degree of entitlements Fisher's a one-on-one with an allegation of a possible drunk driver I'd also remind the court since we're on that tangent for the moment that in summary suspension hearings these forfeitures Require not only that hearing within three days post deprivation But that a sworn complaint or report be filed by a person with knowledgeable facts Detailing specifically the probable cause that that person swears under penalties of perjury and under 1-109 to be true These complaints in this case are purely conclusory One could a court could not even look at the complaint itself and determined whether probable cause for a forfeiture even Actually existed that's we didn't raise that as another defect in this in our briefs But the point of the matter is there's far more protections on the loss of that license where there's no third-party innocent owner exemption or spouse Than there is when the entire automobile which can be the central Role for virtually every family member is being impacted on a day-to-day basis So we don't have a sworn report that establishes probable cause with the filing of the complaint We have nothing facially that says yeah this this officer got it, right, okay? Simply what we have here is just a retention of property without virtually any deadlines in fact Once the sheriff delivers the vehicle to the state's attorney I believe it's at at that point that the state's attorney can decide whether to remit and Perform some type of remitting review which in this record. There's no proof was ever done and That remission review Has no deadline So even if someone even if the state's attorney had all the information they needed and at least one of these cases We have a corporate owner of the vehicle, so it's clear on its face the state's attorney knew There was a third party out there a corporation that certainly couldn't be a culpable defendant Just by its existence, and they performed apparently no remit review at least they didn't put in the record as such The state's attorneys then given the opportunity to file a complaint forthwith whatever that may mean I Personally feel that the best this court could possibly do since this is a property action Would be to apply the the five-year statute of limitations for property and Actions because there's no definition of forthwith That perhaps might be the only statute of limitation or deadline That's actually applicable to any of the government actions in the case when does a hearing on the merits have to take place absolutely again? No deadline in a summary suspension This court well knows from its previous decisions in that regard once the defendant files his petition Asking for a judicial determination of whether he or she should be suspended He has that right to that hearing within 30 days maximum Or the first court date Here there is no such thing We cannot leave it up to 102 separate counties and Countless hundreds of courtrooms to decide who gets preference how many judges are available? Pointing out that the judge in this case said at least 800 forfeiture complaints are filed Every year in one county in Illinois, and that's DuPage County certainly we could Extrapolate from that we're talking thousands and thousands of cases across the board the only deadline Oddly in the entire act that has any bearing is for the claimant It's only the claimant the person whose property is being taken away That has a deadline a fixed deadline and it's 20 days 20 days to file their claim and in each of these cases the the claimants Vigorously asserted their claims. I am the wife. I'm entitled to a spousal exemption. I am a corporation I am an innocent owner. I am another wife. I am the defendant I am innocent of the criminal charge each person performed their act on their side now I Don't fault the DuPage County State's attorney in any way and certainly the judge there gave some very kind gratuitous comments Perhaps because he felt it wasn't necessary to in any way Suggest that they were performing their role anything other than honorable for him to already have made a ruling that this Lack of deadlines across the board was just insufficient now Applying Matthews versus Eldridge, which I might point out this court has applied in a variety of circumstances for facial procedural due process claims Is very simple. There's three elements and there's no doubt that the role of an automobile is unique So when we talk about Procedure and what is due the term due is quite simple. It's due based on what we're talking about Now if you're talking about eighty eight hundred and fifty dollars worth of cash You can't take the cash to court. You can't drive your kids to to their post-school activities on a bag of cash number one number two Money does not depreciate over time. You don't have to pay insurance for money If money is there in 18 months you could get money back Literally, it should be worth almost the same as what it was when it was taken It's not losing 15 to 20 percent when it's driven off the showroom floor. It's not losing an average of 10 percent a year It's not depreciating now keep in mind that this these Issues of due process apply across the board certainly those that have Available monies may be less imposed by the loss of their vehicle for months or years or forever but the average Joe if I could use that term is likely to be in our our times now a person who is lucky to have one car and Sure in these cases. These are these people are we have a 1996 Chevrolet a 1998 GMC a 2002 Chevrolet These folks aren't driving Mercedes Some have made claims. This is the only car in their their family What would be the impact for a person who is driving a car? That's already 10 years old when it's seized These are real-world Scenarios the likelihood is they're driving cars like that because that's what they can afford that's how Americans live for the most part and The loss of that automobile is likely to have a substantial impact now. How long does it take? for a gentleman who likely in at least in DuPage County is likely to have to use that car to get to work or That needs to get to work or Somebody has to do something How long is it going to take how many days of loss of work is going to take for the loss of the job? How do you recapture? Getting your kid to pick them up at soccer These are the role of an automobile is unique It falls somewhere between cash Which is just a it's a eighty eight hundred and fifty dollars is eighty eight hundred and fifty dollars next year, too for the most part and it falls somewhere between that and Real estate but in many of our citizens in Illinois's Lifes this is their largest purchase. They may ever make it may be their most important piece of property and some people in some social stratas Define themselves by the car they drive That's how they're viewed These cars Occupy a very central pace in the American way of life It's it harks back to when we didn't have cars. It was a man and his horse What happened when someone tried to take a man's horse away? We know what the laws were back then horses were simply property But they were a unique piece of property because they allow Americans to travel Automobiles are our horses for today. They are not just a piece of property They're a piece of property, but they're a social value That's quite different than virtually anything else that one could describe except perhaps the living animal which is Also some type of property if you will The risk of erroneous deprivation well in this case we have people who've made filed claims Hey, I'm innocent owners in 20 days Sure, maybe it was three months down the road four months down the road eight months down the road a year down the road When the claimants finally filed Challenges to this procedural due process. How long does it take for a state's attorney? To determine if the person's really an innocent owner and whether they only have one vehicle in their household It takes seconds on a computer the Secretary of State's records are centralized You could run an address and find out every vehicle that's ever been registered at that particular address in a matter of minutes You can determine by picking up the phone you can set it for a hearing but none of that took place here because it doesn't have to and It wasn't done It doesn't take long in a person's daily life to understand how the loss of of an automobile Cannot be replaced these are issues that there is no recompense for two years later What do you tell the person? What do they get they just get their car back? What would be if it's a 96 Chevy in the year? 2007 what is it going to be worth today when he gets his car back how much money has been spent for alternative transportation? There's no recompense there What about all of the times he had to ask a neighbor to drive him to go see his kids at their plane? How do you get recompense for that and the funny part is? Eventually yes prejudice does occur because you're going to drive these poor people into having to give up that car How long does it take? Before they just have to quit You either have to get alternative transportation and put that money behind that or You have to continue to make payments on these vehicles perhaps, and I don't think it's out of Outside the record or common life to suggest that most vehicles when purchased are purchased over time There are installment payments if these folks stop making those installment payments. They lose their car So they have to keep making those payments What if these vehicles are leased a lease is only being paid for the right to use the car, which you don't have These are not recompensed They don't get their money back at the end, and if you have an installment agreement in Illinois That lender is going to require that there be insurance on that vehicle at all times If you breach your contract and stop paying for the installment Agreement or you don't show the lender that the vehicles being insured you breach your contract and guess what? The only person that gets to walk in the door on this Statute and get the car almost immediately is the lien holder before your time is up The state has told told me that you are better suited to help me with my dilemma on the procedural aspect of this case Does it make any difference? I'm glad they volunteered me for that, but I will tell you I will tell you that more likely than not It should have been filed as a two six one five motion However as I cited in my brief The context of whether it was cited or brought under one statute versus the other has never on appeal been a basis for Turning the case over or reversing I would also point out that there's a waiver issue in this case because both the Attorney General and who never appeared before the original ruling and DuPage state's attorney never raised the propriety of this motion until after the ruling had actually occurred so they sat on their rights and In that sense they forfeited the opportunity to raise that procedural issue if they had raised it It would have been a quite simple amendment and we know what the trial courts ruling would have been anyways So that would certainly in my opinion perhaps it was Not the the greatest Or the most artfully cited motion, but it did the job and We're happy that it did now The risk of erroneous deprivation Certainly in this case. We don't have anything but a presumptively innocent driver The Allegations of how many priors or how it happened whether whether it's even a misdemeanor DUI with no insurance There's no there's been no showing that the driver him self or herself is even culpable Yes, the government does have an interest in Preventing the recurrence of crime because this statute applies kidnapping robbery We're talking about DUI mostly because that's the most prevalent in and it happened to be what these three claimants were all about Preventing the recurrence of crime because this is not a punitive statute They're not taking cars away to punish if they were then we'd be into a double jeopardy argument so we know that this is a forfeiture that can only be Justified for some reason other than punishment to avoid double jeopardy issues It's the recurrence to prevent the recurrence of crime take the car away take the instrumentality away to hopefully Prevent the recurrence of crime Well, it's certainly not narrowly tailored for that purpose let me point out number one that a bond could be posted as many state statutes allow for a Bond could be posted To get the vehicle back. There could be a restraining order Set up that would Transfer to the innocent owner with a restraining order in place that prohibits them from allowing this other person to operate the vehicle There are certainly other ways you could prevent the recurrence of crime. And if it was really truly to prevent the recurrence of crime Presumably other statutes that are already on the books such as a summary suspension Act that should concomitantly be applied to the same driver already forbids that person After the 46 day from operating any vehicle no matter who has it There's no executive urgency here. In other words They they can't say that they need to forego the propriety of hearings during dependency of the litigation because you know, there's wartime or this is contaminated food and this is a Just a plethora of trouble on society as a whole. Mr. Ramsell your time is expired. Thank you very much You Morning again, your honors. I'm going to try to make a few quick points on rebuttal First with respect to the issue of facial challenge the appellee asks that we don't get past the facial challenge, but Again he he has the whole rules with respecting facial challenges completely reversed it does not matter under a Pele's view under claimants view that Everyone in DuPage County might receive a prompt hearing. It does not matter to To claimants that everyone in Illinois and everyone in Illinois might Everyone everyone in Illinois is receiving prompts hearings What matters under his view is the opposite that there's some conceivable Scenario in which case in which there might be a due process violation That is not the rule with respect to facial challenges and specifically We ask that this this court do not get past the facial challenge we ask that this court simply apply the rules with respect to facial challenges and again, they have to show that the Statute issue at statutes that issue cannot be applied in a constitutional manner. They have not done So that should be the beginning and the end of the inquiry second just as a point of clarification as we pointed out in our briefs the statute statutes at issue here pass muster under any test whether that's the Barker test the Matthews test or any other test the Fourth Amendment reasonable test The statutory provisions that issue here pass under any of those turning to the issue of the procedural issue and the 2 6 19 versus 2 6 15 issue first it is the people's position that Even if this had been brought under 2 6 15, it would have failed as a facial constitutional challenge So just to be clear again, it would have been it would have failed whether it's brought under 2 6 15 under 2 6 19 It happens to be brought under 6 2 6 19 a 9 and is particularly inappropriate Because it was it does not constitute affirmative matter that negates the cause of action with respect to forfeiture And the appearance of the Attorney General's office first the people were represented by the state's attorney state's attorney's office of DuPage County and the rules clearly point Make clear that both the state's attorney's offices and the Attorney General's office can defend the constitutionality of a statute In this case the DuPage County State's attorney did raise the issues as we go into a greater depth and in our briefs moreover the Circuit Court fully reviewed the issue the procedural issue and So there is no reason to find a forfeiture with respect to that argument in this case Fourth turning to claimant's arguments with respect to the inclusion of forthwith and promptly claimant argues that because the statute Conditions certain things on being done forthwith or promptly that there is no deadline Now a few points on that first in this case complaints were filed within 22 days 10 20 and 22 days So again in this case they were filed quickly forthwith Lee promptly by any of those definitions And and it again brings up the problem of claimant raising a facial challenge And in the record in this case, we see that all these things were done In an expedited fashion and that the delay actually occurred Subsequent to that that the delay is not the fault of the sheriff or the state's attorney But indeed stems Primarily from a claimant's not wishing to go forward on on their on the hearings In fact, the the state had the people have has no interest in delaying the proceedings. The people get no Reward for housing evidence or housing the car They have to pay money to maintain those vehicles and so there's no motivation for the state to delay these proceedings any longer second this court has Defined the terms promptly and forth forthwith to mean short periods of time So they might be specifically indeterminate And that they don't give an exact number of days, but that does not mean that they can mean an extended period of time and Finally this court will before this girl find a statute unconstitutional. It will construe the statute in a manner that keeps it valid Until the court could easily construe forthwith and promptly to mean periods of time that would maintain the constitutionality of the statute now claimants argue that there's nothing in the record with respect to The use of the informal process Processes of respect to hardship requests and innocent ownership and that's exactly right And the reason for that is they didn't pursue those in this case as far as we know as far as the record reflects I'm nothing in this case shows that They pursued those avenues and in fact the statute has specifically those in place and those are used Quite often, but they were not used in this case and again It also shows the problem with respect to facial challenges and making invalidating a statute on a bare-bones record and finally claimants refer In great detail to the value of automobiles in our society and the people would not contest that automobiles Can be of great value to many people but first of all This argument has specifically been rejected by the United States Supreme Court and von Neumann and von Neumann a claimant argued that his case Should be different than 8850 because in his case involved a car not cash and the United States Supreme Court specifically rejected that argument and found that Anything any any for any property if the If the process is satisfied Barker they satisfy due process and again Claimants point to what could be what often is what many people experience, but again that this is all speculation That there's nothing in the record There's nothing in the record that these particular claimants did not have other modes of transportation And indeed, it's likely they did since they didn't pursue as far as we can tell the hardship Exception which could have been applied to them And so for all these reasons unless there are other questions from the court We would ask that this court reverse the judgment of the DuPage County Circuit Court and uphold The statutory provisions at issue here on their face. Thank you. Thank you counsel Case number one one zero two three six people versus one 1998 GMC is taken under advisement as agenda number two